Firm I. D. No. 28858

FILED B - 11

08CV1788 J. N.
JUDGE ANDERSEN
MAG. JUDGE MASON

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008 FEB 29 AM 9:16

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUANITA PEREZ

Plaintiff(s),

vs.

TARGET CORPORATION

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

NO. 07 L 8486

## NOTICE OF FILING

TO:   HENNESSY & ROACH
Mark McAndrew
140 South Dearborn
7th Floor
Chicago, IL 60603

PLEASE TAKE NOTICE THAT on the 29th day of February 2008, <u>Plaintiff, Answers to</u>
<u>Interrogatories</u> was filed with the Clerk of the Circuit Court of Cook County, Illinois.

ARMSTRONG & MARCHIORI
33 N. Dearborn Street
Suite 2220
Chicago, IL 60602
(312) 372-4849

By: _____

Attorneys for Plaintiff(s)

## PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that a copy of this Notice was served-mailed together with a copy of the
foregoing  document to each party to whom it is directed on the 29th day of February, 2008.



Firm I. D. No. 28858

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008 FEB 29  AM 9: 16

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | | |
|---|---|---|
| JUANITA PEREZ | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | NO.  07 L 8486 |
| | ) | |
| TARGET CORPORATION | ) | |
| | ) | |
| Defendant(s). | ) | |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

NOW COMES the plaintiff, JUANITA PEREZ, by and through her attorneys, Armstrong & Marchiori, and for his answers to defendant, TARGET CORPORATION'S, interrogatories, states as follows:

1.  State the full name, date of birth, address and social security number of the person answering these interrogatories.

ANSWER:    Juanita Perez
5122 W. Wolfrum
Chicago, IL 60641

DOB: 11-21-54
SS#: xxx-xx-9671

2.  State the full name, address and telephone number of each person who witnessed or claims to have witnessed the occurrence alleged in the complaint.

ANSWER:    Plaintiff's niece, Iliana Miranda, also present was Iliana's daughter Leilani Frazier, DOB: 4/16/04

Cashier, name unknown, Hispanic female about 20 years old.

3.  State the full name, address and telephone number of each person not named (in 2) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

ANSWER:    Post-occurrence: Manager, male, tall, white, 25 to 30 years old (name unknown).

4.    Describe, in general, the personal injuries sustained by you as a result of said occurrence.

ANSWER:    Injury and pain to neck, right shoulder,  upper back with right sided neck and upper back pain radiating, with numbness in right upper extremity all the way down to finger tips.  MRIs indicate disc protrusion at C2-C3 and bulging at C3-C4 and C4-C5; and also pain and injury to low back.

5.    State the name, address amount of any bills and dates of services for any and all attending, consulting or examining physicians, hospital and health care providers in relation to said injuries.

ANSWER:    See attached listing.

6.    As the result of said personal injuries, were you a patient or outpatient in any hospital or clinic?  If so, state the names and address of each such hospital or clinic, the amounts of their respective bills and the date or inclusive dates of said services.

ANSWER:    See attached listing.

7.    As the result of said personal injuries, were you unable to work?  If so, state (a) the name and address of your employer, if any, at said time (b) the date or inclusive dates on which you were unable to work, ©) the amount of wage or income loss claimed by you, and (d) the name and address of your present employer, if any.

ANSWER:    No.

8.    State any and all other expenses or losses you claim as a result of said occurrence.

ANSWER:    At this time, none other than what has been set forth within answers.

9.    During the ten years immediately prior to the date of said occurrence, had you been confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury?  If so, give the name and address of each such hospital,

physician, technician or clinic, the approximate date of such confinement or service, and state, in general, the reason for such confinement or service.

ANSWER:    1996, in Hima Hospital, Puerto Rico with pressure on the chest, high blood pressure and low sugar.

Since 2001, treated with family doctor for high blood pressure and chronic gastritis.

2004, gallbladder surgery at Our Lady of Resurrection Hospital.

10.    Had you suffered any serious personal injury or injury to your arm prior to the date of said occurrence? If so, state when, where and in general how you were injured and describe, in general, the injuries suffered. State the name and address of all healthcare providers who rendered care and treatment to you.

ANSWER:    None that I recollect.

11.    State the names, last known addresses and telephone numbers of your family physicians for the last 15 years.

ANSWER:    AHC Six Corners - sees different doctors.

12.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a) state when, where and, in general, how you were injured and describe, in general, the injuries suffered; and for (b) state when you were ill and describe, in general, the illness.

ANSWER:    5/3/2006: Hysterectomy at Illinois Masonic Hospital

10/2006: Liver biopsy at Illinois Masonic Hospital

13.    Were any photographs taken of the scene of the occurrence or of the person involved? If so, state the date or dates on which such photographs were taken, the number of photographs taken, the subjects thereof and who now has custody of them.

ANSWER:    None taken by plaintiff.

14.    Do you have statements from any witness other than yourself?  If so, give the name and address of each such witness, the date of said statement and state whether such statement was written or oral.

ANSWER:    None other than that which may be contained in the report which may be construed as statements.

15.    List the names and addresses of all other persons, other than yourself and persons heretofore listed or specifically excluded, who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

ANSWER:    Those noted in #2 and 3 and my husband, Jose Perez.

16.    With respect to your allegation that the defendant was negligent in maintaining the premises where the alleged injury occurred, describe the condition or defect you contend your injuries resulted from, and state the location of said condition or defect present at the accident scene.

ANSWER:    The floor near the cashier check-out was wet and this liquid resulted in the floor to be wet and slippery which caused the plaintiff to slip.  See Guest Incident Report.

17.    Was an inspection made of the accident scene by you or by anyone on your behalf subsequent to the accident?  If so, for each inspection, state the date it was made; the name, address and occupation of the person who made it; and the substance of any oral report made; and/or, if a written report was made, state the name and address of the person who has custody or control of it.

ANSWER:    Plaintiff noted that the wet substance was a yellow liquid on the date of the accident.  See Guest Incident Report.

18.    State the name, address and telephone number of your most recent employer, the name of your immediate supervisor at that employment and the dates that said employment commenced and terminated, if applicable.

ANSWER:    Not applicable.  Homemaker

19.     State the name, address, telephone number and dates of employment for each of your employers since 1993 to the present.

ANSWER:     See answer to number 18 above.


20.     If your medical bills have been paid in full or in part, state the name, address and telephone number of each individual or other legal entities who paid or contributed to the payment of said bills.

ANSWER:     My bills have been submitted for payment through Blue Cross Blue Shield of Illinois.


21.     If you have ever been a party litigant to any other lawsuit, state the year, the title and docket number, whether you were a plaintiff or defendant, the identity of the court in which said suit was filed and the nature of each such lawsuit.

ANSWER:     No personal injury suits filed other than this one.


22.     If you have ever made a claim for workers' compensation under the laws of the State of Illinois or any other state, state the state where the claim was filed; the name and address of your employer at the time of the alleged injury; the title and case number of such claim; and the disposition of each such claim .

ANSWER:     No.


23.     If you drank any beverage containing alcohol within a 24 hour period immediately prior to the occurrence, state the date, time and place where such beverage was consumed; the common name for each such beverage consumed; the alcohol content of each beverage consumed, and the quantity of said beverage consumed.

ANSWER:     No.


24.     If on the date of the occurrence referred to in your complaint you were taking medication, state the type of medication being taken; the reasons for taking said medication; the common name for each such medication; whether the medication was prescribed; and if so, the name, address and telephone number of each physician prescribing said medication; and the date or dates inclusive on which you took such medication.

ANSWER:     Medications prescribed by family doctor: atonal for high blood pressure; premasid for gastritis and potassium supplement.

25.     If on the date of said occurrence you were taking or using drugs, state the name of the drugs used; the individual or entity from whom said drugs were obtained; the amount or quantity of said drugs taken; and the approximate time said drugs were taken.

ANSWER:     See answer to number 24 above.

26.     If you have ever been convicted of a felony or a misdemeanor involving dishonesty, state the date or dates of all such convictions; the place where said convictions took place; the charges which were placed against you; and the court and docket number for each such case.

ANSWER:     No.

27.     State the amount of damages which will be sought herein.

ANSWER:     Plaintiff still under treatment and plaintiff reserves the right to supplement answer and refers to complaint.

28.     State the full name, address, telephone number and occupation or profession of each opinion witness who will offer any opinion testimony at the trial of this cause. For each such opinion witness state:

a.     The subject matter on which each such opinion witness is expected to testify;

b.     The opinion witness' conclusion(s) or opinion(s) with respect to each and every subject on which the opinion witness is expected to testify;

c.     The basis or bases for each and every conclusion or opinion on which the opinion witness is expected to testify;

d.     The opinion witness' qualifications, including but not limited to his educational background, practical experience in the area he is expected to testify in, any articles or papers he has written, any and all seminars or postgraduate training the opinion witness has received, the opinion

witness, experience, if any, as a teacher or lecturer and his professional appointments and associations. (In lieu of answering No. 28(d), a complete curriculum vitae of the opinion witness may be attached to the answers to interrogatories).

ANSWER:     At this point, plaintiff has not retained an expert opinion witness; said question is premature and plaintiff reserves the right to disclose 213(f)(3) pursuant to applicable rules and orders in a seasonable manner.

29.     State the name, last known address and telephone number of each witness who will testify at trial on your behalf. For each witness identified herein, state the subject matter of their testimony.

ANSWER:     Said response with be supplemented as fact discovery proceeds, but at this juncture the plaintiff plans to call the following Rule 213 (f) (1) and (2) witnesses as follows:

**Plaintiff, Juanita Perez, address listed above**, to testify consistent with that contained in her deposition, including but not limited to the date, time and location of the accident, familiarity with said location, those in and around her immediately before, at the time and following her fall. What she was wearing and carrying immediately before and at the time of her fall. Her general health on the day of the accident before the accident occurred. She will testify as to what observations she made prior to, at the time and following her fall, she will describe where she was walking immediately before she slipped, how she slipped, what caused her to slip and the description of what she observed following her fall, she will described how she fell what parts of her body made contact with the floor, what position she was in on the floor, what noticed about the floor and about herself, how she got up and who assisted her in the vicinity. She will testify as to what complaints she made and to who as well as responses from the defendant employees. She will testify as to an knowledge of the length of time the wetness was there and how she concluded this, she will testify as to what defendant employees did following her fall, what if documents were completed, what if any pictures taken, what if any medical attention received. She will testify as to what parts of her body were in pain, and also a description of her injuries following the accident as noted in the answer no. 4 above, she will testify as to the condition of these parts of her body prior to the fall. She will testify as to the treatment she received following the accident and identify the healthcare providers, the type of treatment rendered the time period the treatment was rendered, injections received, what parts of her body treated, the ongoing pain and difficulties, and that which causes pain and difficulties presently. She will testify to those paid bills, the activities she was engaged in and what activities she could not perform and the period she could not perform such activities. Said response may be supplemented upon conclusion of the fact discovery.

**Defendant employees: (Some names at this time unknown):  Cashier, name unknown, Hispanic female about 20 years old.  Post-occurrence: Manager, male, tall,**

white, 25 to 30 years old (name unknown).  **Additionally plaintiff may call anyone of the following Target Team Members: Justin Kubert, Nancy Green, Candice Griffin or Berto Carrasquillo.**  will be called as adverse witnesses, to testify consistent with each of their depositions, including but not limited to date, time and location of the fall, what respective positions and duties of employees were at time of the fall, whether said fall was witnessed, what if any employees were in the vicinity within a half hour of the fall, testimony as to the maintenance and inspection of aisles, the clean-up of spills in the aisle, the procedure as to finding a spill and cleaning the spill up as well as what warnings are to be placed.  Testimony as to what warnings were placed in the area, their knowledge as to the cause of the spill. Identification of any photographs of the aisle where the spill was found, any complaints made prior to plaintiff's fall, how notified of the spill, what procedures for injuries of customers as well as what done as to the investigation of the spill, what procedures performed as to investigating the fall, inspection of the area, interviewing of witnesses, the plaintiff and what if any report completed, what if any statements made and what if anything done in aisle.  They will testify as to their observations as to plaintiffs injuries and what done for her.  Testify as to what notice given as to the condition of the aisle immediately before, at the time and after the fall.

**Plaintiff's niece, Iliana Miranda**, also present was Iliana's daughter Leilani Frazier, DOB: 4/16/04, may be called to testify as her relationship with the plaintiff, and maybe called as a witness to the fall, and called to testify as to date time and location, what she observed as walked down the aisle, what observed about Juanita immediately before, at the time and after the fall, what observed about her fall, how Juanita fell, what fell on and what observed about Juanita immediately after the fall and what observations of pain and difficulty noticed.  She will testify as to his observations as to her recovery and what she observed as to the pain and difficulties she had and her ability to do work and household activities since the accident.  She will testify as to what assistance she provides Juanita.

The Medical Record Keepers/Patient Account Directors from the following facilities:
Our Lady of Resurrection
a/k/a Resurrection Healthcare
5645 W. Addison Street
Chicago, IL 60634 may be called to testify as to the identification of the medical records and medical bills concerning the care and treatment of Juanita Perez for the relevant period of time of treatment as a result of this occurrence and said records keeper may testify as to the condition of the records, when the records were made at or near the time of the treatment, their regular business practice and that said records are kept in the regular course of their conducted business activity.  Further, testimony will be elicited as to the amount of the bill incurred for the treatment rendered on said dates and that said bill is a reasonable and customary charge for the services rendered by said facility.

**The Medical Record Keepers/Patient Account Directors from the Health Care facilities named in the attached listing:** may be called to testify as to the identification of the medical bills concerning the care and treatment of Juanita Perez for the relevant period of time of treatment as a result of this occurrence and said witnesses may testify as to the condition of the

records/statements, when the records/statements were made at or near the time of the treatment, their regular business practice and that said records/statements are kept in the regular course of their conducted business activity. Further, testimony will be elicited as to the amount of the bill incurred for the treatment rendered on said dates and that said bill is a reasonable and customary charge for the services rendered by said facility.

**Back & Neck Clinic**
**Dr. R. Jusino**
**9702 W. Grand Avenue**
**Franklin Park, IL 60131**
**9/20/05 through 12/20/06**
**$15,925.00**
**2-7-07 to 4-25-07      $2,943.00**
**4-27-07 to 5-11-07 $    825.00** May be called as a treating physician and not a retained expert to testify consistent with his records which have been provided under separate cover for the time period as noted above, and will testify consistent with the records of various consultants which he referred patient to as well as consistent with various testing, x-rays and MRI reports all of which he reviewed and relied upon In his treatment of the patient. It is anticipated that he will testify as to his education, experience and knowledge and will testify as to the history received from the patient as well as records, the subjective complaints and difficulties the plaintiff had on the initial visit as well as the ongoing difficulties and pain at present, he will testify as to the initial testing he performed (ortho/neuro) testing, what parts of the body, what tests consisted of and the results of the testing and the significance of said results and that said results were consistent with the complaints of the patient. From the complaints, exam and testing it is anticipated that Dr. Jusino will testify as to his working diagnosis as to the complaints to the patient's pain to neck, right shoulder, upper back with right sided neck and upper back pain radiating, with numbness in right upper extremity all the way down to finger tip and the MRIs indication disc protrusion at C2-C3 and bulging at C3-C4 and C4-C5 and the pain and injury to low back. He will testify as to the courses of treatment he prescribed, the purpose of the treatment therapy, the parts of the body receiving the treatment and the progress made with the treatment. It is anticipated that he will testify as to the findings of the various x-rays and MRI's and that the complaints and exams were consistent. He will testify as to the re-exams made during the course of the treatment period and those findings and the impact on the courses of treatment and any changes in the treatment. It is anticipated that he will testify as to the referrals made for injections, the types of injections, the area of the body receiving the injections, the goal of said injections and the progress made after the injections. He will testify as to the patient's prognosis, the ongoing treatment that she has continued to have, that her condition is not resolved, any permanency, need for ongoing and future treatment, need for referral for injections, the expense of such ongoing treatment.

It is anticipated that he will testify that the treatment, referral of various consults, changes in course of treatment, re-examinations, various testing performed and injections were medically necessary, her physical therapy, medications, were medically necessary treatment all of which resulted form the accident. It is anticipated that he will testify that the plaintiff's complaints of pain and the injuries as listed herein as well as the physical difficulties were and are the result of the fall of 8-17-05. He will testify that this accident necessitated the testing,

course of treatment and changes in the course of treatments, the re-examinations, and need for consults. He will testify as to any activity restrictions. He will describe the type of restriction and the time period of such restrictions.

Further, he will testify that he is familiar with the charges he charged for his services and that the charges from him are such that they are reasonable and customary within his field of practice and were charges which were also the result and necessary due to the accident. His opinions will be based upon a reasonable degree of certainty in his field of practice as well as based upon his education, knowledge, and experience; as well as the history, examination, care and treatment, testing and review of medical records of the health care providers of the plaintiff and the doctor's CV's is attached to the response to production.

**Illinois Pain Treatment Center**
**Dr. R. Kuchipudi Oak Brook Surgical Center**
May be called as a treating physician and not a retained expert to testify consistent with his records which have been provided under separate cover for the time period as noted above, and will testify consistent with the records of various consultants which he referred patient to as well as consistent with various testing, x-rays and MRI reports. It is anticipated that he will testify as to his education, experience and knowledge and will testify as to the history received from the patient as well as records, the subjective complaints and difficulties the plaintiff had on the initial visit as well as the ongoing difficulties and pain at present, he will testify as to the initial testing he performed on the patient, the records and test results reviewed and relied upon. It is anticipated that he will testify as to what exam performed prior to the injections, explanation, of the type of injections prescribed, the parts of the body injected, the goal of such injections and the results of said injections. He will testify as to his examination and monitoring Of the patient, the number of injections performed and to what part of the body performed, he will testify as to what if any improvement, and further treatment and or testing he recommended and referred the patient to, that the injections were performed in conjunction with the ongoing therapy rendered, what if any progress the patient was making, what diagnosis her concluded and any changes in that diagnosis over the course of treatment, that the injections were painful, the risks involved and an complications with said injections. He will testify as to improvement made, the prognosis of the patient, the need for future injections, what area of the body, what expense of such injections.

It is anticipated that he will testify that the treatment, referral of various consults, changes in course of treatment, medications and injections were medically necessary all of which resulted from the accident. It is anticipated that he will testify that the plaintiff's complaints of pain and the injuries as listed herein as well as the physical difficulties were and are the result of the fall of 8-17-05. He will testify that this accident necessitated the course of injections and changes in the course of treatments, the re-examinations, and need for consults. He will testify as to any activity restrictions. He will describe the type of restriction and the time period of such restrictions.

Further, he will testify that he is familiar with the charges he charged for his services and that the charges from him are such that they are reasonable and customary within his field of practice and were charges which were also the result and necessary due to the accident. His opinions will be based upon a reasonable degree of certainty in his field of practice as well as

based upon his education, knowledge, and experience; as well as the history,  examination, care and treatment, testing and review of  medical records of the health care providers of the plaintiff and the doctor's CV's has been requested and will be forwarded upon receipt.

Dr. Jeremy Simon
Diversey Medical Center
4-24-07 $500.00
Surgery 4-28-07 $2,500.00
Peterson Medical Surgicenter
Anesthesia 4-28-07 $720.00
Surgical 4-28-07  $5,455.50

 Plaintiff may call this healthcare provider to testify as to the plaintiff's current condition; however, upon receipt of the full record, said answer will be amended and supplemented pursuant to the applicable rules.

Juanita Perez

Ambulance
Chicago Fire Department

Our Lady of Resurrection
a/k/a Resurrection Healthcare
5645 W. Addison Street
Chicago, IL 60634
8/17/05        $1,780.90
8/18/05        $553.00

Addison Radiology
8/17/05  $231.00

Addison Emergency Physicians
8/18/05 $553.00

Back & Neck Clinic
Dr. Jusino
9702 W. Grand Avenue
Franklin Park, IL 60131
9/20/05 through 12/20/06
$15,925.00
2-7-07 to 4-25-07   $2,943.00
4-27-07 to 5-11-07 $   825.00
MRI Lincoln Imaging Center
9/27/05
$3,300.00
Galilee Medical Center
(x-rays)
9/26/05
$1,800.00

Gottlieb Westtown
10/11/05 to 10/15/05 $480.00

Illinois Pain Treatment Center
Dr. R. Kuchipudi
3/4/06         $1,445.00
3/18/06        $1,265.00
9/15/06        $1,855.00

Oak Brook Surgical Center
2425 West 22nd Street
Suite 101
Oak Brook, IL 60523
(630) 990-2212
03/04/06  $ 5,592.00
03/18/06  $ 5,592.00

```
09/15/06   $12,184.00
09/16/06   $ 9,108.00
09/22/06   $ 9,108.00
```

Oak Brook Center For Health
```
9/22/06          $3,800.00
```

Oak Brook Anesthesiologists
```
9/15/06          $2,000.00
9/16/06          $  625.00
9/22/06          $  750.00
```

Oak Brook X-ray an Imaging
```
3/4/06           $600.00
3/18/06          $600.00
9/15/06          $600.00
```

Wellington Radiology Group
```
3/29/06          $470.00
```

Advocate Northside Health
Dr. Joanna Lepkpwski
42nd & Cicero, Chicago
8/07   $130.00
AHC Six Corners
4211 N. Cicero Ste. 308
Chicago, IL 60641

Midwest Inst. Minimally Invasive
x-ray Services
3-28-07 $30.00
Gottlieb Memorial Hospital
3-30-07 $252.50

Advanced Diagnostics
MRI -LS
4250 North Marine Dr.  Suite 236
Chicago, IL 60613
4-24-07 $1,650.00

Dr. Jeremy Simon
Diversey Medical Center
4-24-07 $500.00
Surgery 4-28-07 $2,500.00

Peterson Medical Surgicenter
Anesthesia 4-28-07 $720.00
Surgical 4-28-07  $5,455.50

(Plaintiff reserves the right to supplement said responses).

X _Juanita Perez_
Juanita Perez

STATE OF ILLINOIS )
                  )
COUNTY OF COOK  )

Juanita Perez,  states that he/she has read and knows the contents of the foregoing Answer to Interrogatories by him/her subscribed and that the same are true and correct to the best of his/her knowledge, information and belief.

X _Juanita Perez_
Juanita Perez

SUBSCRIBED AND SWORN TO
before me this 28th day
of _Feb_____, 2007

_____
NOTARY PUBLIC

OFFICIAL SEAL
ELIZABETH ZINANNI
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/25/2008

JUDGE ANDERSEN

MAG. JUDGE MASON

~Firm I. D. No. 28558

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JUANITA PEREZ,

**Plaintiff(s),**

*versus*

Court No.

TARGET CORPORATION,

**Defendant(s).**

## COMPLAINT AT LAW

The plaintiff, JUANITA PEREZ, by attorneys, ARMSTRONG & MARCHIORI, and LUIS

A. ACEVES & ASSOCIATES, makes the following allegations against the defendant, TARGET

CORPORATION:

1. That on or about the 17th day of August, 2005 and for a long time prior to, the defendant,

TARGET CORPORATION, was a corporation licensed to do business in the State of Illinois.

2. On the 17th day of August, 2005, the defendant, TARGET CORPORATION, by and

through its duly authorized agent, servant and/or employees owned certain premises located at 2939

West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly

known as Target.

3. On the 17th day of August, 2005, the defendant, TARGET CORPORATION, by and

through its duly authorized agent, servant and/or employees operated certain premises located at

2939 West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly

known as Target.

4. On the 17th day of August, 2005, the defendant, TARGET CORPORATION, by and

through its duly authorized agent, servant and/or employees managed certain premises located at

**000586340F0001**

2939 West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly known as Target.

5. On the 17th day of August, 2005, the defendant, TARGET CORPORATION, by and through its duly authorized agent, servant and/or employees maintained certain premises located at 2939 West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly known as Target.

6. On the 17th day of August, 2005, the defendant, TARGET CORPORATION, by and through its duly authorized agent, servant and/or employees controlled certain premises located at 2939 West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly known as Target.

7. On the 17th day of August, 2005, the plaintiff, JUANITA PEREZ, was a patron lawfully on said premises walking at or near the checkout aisle within the above described premises located at 2939 West Addison Street, in the City of Chicago, County of Cook, and State of Illinois, commonly known as Target.

8. It was the duty of the defendant, TARGET CORPORATION, by and through its agents, servants and employees to exercise ordinary care and caution in the ownership, management, maintenance and control of the said premises.

9. Not regarding the duty as aforesaid, the defendant was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to timely and properly inspect the area of said checkout aisle;

(b) carelessly and negligently allowed the said checkout aisle to become and remain in a wet and slippery or otherwise defective condition;

(c) carelessly and negligently failed to clean said condition of wetness at the checkout aisle;

(d) carelessly and negligently failed to give timely and sufficient warnings of the wet, slippery and/or otherwise defective condition in the area of the said checkout aisle;

10. As a direct and proximate result of the careless and negligent acts of the defendant, TARGET CORPORATION, by and through its agents, servants and employees, the plaintiff was caused to slip on the aforesaid condition and was caused to fall to the ground while walking upon or near said area.

11. As a direct and proximate result of the aforesaid, the plaintiff, JUANITA PEREZ, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

12. That attached hereto as Exhibit "A" is the Attorney Affidavit pursuant to and in compliance with Illinois Supreme Court Rule 222 (b).

WHEREFORE, the plaintiff, JUANITA PEREZ, asks judgment against the defendant, TARGET CORPORATION, in a sum in excess of Thirty Thousand ($30,000) Dollars, which will fairly compensate the plaintiff for the injuries sustained.

ARMSTRONG & MARCHIORI

By: _____
Laura J. Marchiori
Attorneys for Plaintiff(s)

33 North Dearborn Street
Suite 2220
Chicago, IL 60602
(312) 372-4849

**000586340F0001**

000586340F0001

--Firm I. D. No. 28558

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JUANITA PEREZ,

Plaintiff(s),

*versus*

Court No.

TARGET CORPORATION,

Defendant(s).

### AFFIDAVIT OF Laura J. Marchiori

I, Laura J. Marchiori, being duly sworn under oath depose and state as follows:

1. That I am the attorney who prepared the complaint for the above-captioned matter.

2. That I believe that this case is worth greater than $50,000 based upon injuries sustained.

FURTHER AFFIANT SAYETH NOT

Laura J. Marchiori

SUBSCRIBED TO AND
SWORN TO BEFORE ME
THIS August 8, 2007.

NOTARY PUBLIC

"OFFICIAL SEAL"
Gail M. Callanan
Notary Public, State of Illinois
My Commission Exp. 09/18/2009

EXHIBIT "A"

000586340F0001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION, FIRST DISTRICT

JUANITA PEREZ,                    )
                                  )
            Plaintiff,            )
                                  )        No.  07 L 008486
vs.                               )
                                  )
TARGET CORPORATION,               )
                                  )
            Defendant.            )

**NOTICE OF FILING**

TO:    Ms. Laurie J. Marchiori
       Armstrong & Marchiori
       33 N. Dearborn Street, Suite 2220
       Chicago, IL  60602

       PLEASE TAKE NOTICE that the attached below listed documents were filed with the Clerk of the Circuit Court of Cook County, this _24th_ day of September, 2007.

    1.    **Appearance and Jury Demand**

                    By: _____
                          Mary Anne H. Capron, Attorney for Defendant
                          Target Corporation

**CERTIFICATE OF MAILING**

       The undersigned, being first duly sworn on oath, states that service of the above Notice of Filing by mailing true and correct copies of said documents this ___ day of September, 2007, before 5:00 p.m. by depositing same in the United States Mail at Chicago, Illinois, postage prepaid and addressed to the person(s) listed above.

                    _____

SUBSCRIBED and SWORN to before
me this ___ day of September, 2007

_____
NOTARY PUBLIC

Mary Anne H. Capron, Esq.
Hennessy & Roach, P.C.
Attorney for Defendant, Target Corporation
140 South Dearborn Street, 7th Floor
Chicago, Illinois  60603
(312) 346-5310
Attorney No.: 30973

"OFFICIAL SEAL"
LAURA ISAACS
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 05/04/2008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JUANITA PEREZ,                          )
                                        )
      Plaintiff,                        )
                                        )   No. 07 L 008486
vs.                                     )
                                        )
TARGET CORPORATION,                     )
                                        )
      Defendant.                        )

*07 SEP 24 PM 3:50 DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION*

### APPEARANCE AND JURY DEMAND

The undersigned as attorney enters the appearance of the Defendant, TARGET CORPORATION and demands a 12 person jury.

_____
Mary Anne H. Capron, Attorney for Defendant, Target Corporation

Name          Mary Anne H. Capron, Esq.
                 HENNESSY & ROACH, P.C.
Attorney for  Defendant, Target Corporation
Address     140 S. Dearborn, 7th Floor
City          Chicago, IL  60603
Telephone   (312) 346-5310

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Mary Anne H. Capron, Attorney for Defendant, Target Corporation

**HENNESSY & ROACH, P.C.**
Attorney for Defendant
140 S. Dearborn, 7th Floor
Chicago, IL  60603
(312) 346-5310
Atty. No.: 30973

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION, FIRST DISTRICT

JUANITA PEREZ,                        )
                                      )
            Plaintiff,                )
                                      )        No.  07 L 008486
vs.                                   )
                                      )
TARGET CORPORATION,                   )
                                      )
            Defendant.                )

## ANSWER OF DEFENDANT, TARGET CORPORATION
## TO THE COMPLAINT AT LAW

NOW COMES the Defendant, TARGET CORPORATION, by and through its

attorneys, Hennessy & Roach, P.C., and in Answer to Plaintiff's Complaint at Law states

as follows:

1.    Defendant, TARGET CORPORATION, admits the allegations contained in

Paragraph 1.

2.    Defendant, TARGET CORPORATION, admits that it owns a store located

at 2939 W. Addison Street in the City of Chicago, County of Cook, State of Illinois.

3.    Defendant, TARGET CORPORATION, admits that it operates a store

located 2939 W. Addison Street in the City of Chicago, County of Cook, State of Illinois.

4.    Defendant, TARGET CORPORATION, admits that it manages the store

located at 2939 W. Addison Street in the City of Chicago, County of Cook, State of

Illinois.

5.    Defendant,   TARGET CORPORATION, admits that it maintains the store

located at 2939 W. Addison Street in the City of Chicago, County of Cook, State of

Illinois.

6.   Defendant, TARGET CORPORATION, admits that it controls the store located at 2939 W. Addison Street in the City of Chicago, County of Cook, State of Illinois.

7.   Defendant, TARGET CORPORATION, can neither admit nor deny the allegations contained in Paragraph 7 and demands strict proof thereof.

8.   Defendant, TARGET CORPORATION, admits all duties imposed by law but denies any violation thereof.

9.   Defendant, TARGET CORPORATION, denies the allegations contained in Paragraph 9 (a) through (d), inclusive.

10.   Defendant, TARGET CORPORATION, denies the allegations contained in Paragraph 10.

11.   Defendant, TARGET CORPORATION, denies the allegations contained in Paragraph 11.

12.   Defendant, TARGET CORPORATION, admits that Exhibit A appears to be an affidavit by Plaintiff's counsel.   Defendant denies any and all remaining allegations.

WHEREFORE, Defendant, TARGET CORPORATION asks that Plaintiff's prayer for relief against it in any amount be denied and that a verdict be entered in its favor and against the Plaintiff and that the Defendant is awarded costs and fees.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint at Law was not commenced within the time limit permitted by law and is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Defendant, TARGET CORPORATION, doing business at Target Stores and pleading the alternative for its Second Affirmative Defense states as follows:

1.    Plaintiff, Juanita Perez has filed a Complaint at Law alleging that she slipped and fell and was injured at the Target Store located at 2939 W. Addison, Chicago, Illinois on August 17, 2005.

2.    That at all relevant times it was the duty of the Plaintiff, Juanita Perez to exercise reasonable care for her own safety.

3.    That pleading in the alternative, the Plaintiff, Juanita Perez was negligent in one or more of the following acts and/or omissions:

    (a)    Failed to keep a proper lookout for her surroundings;

    (b)    Otherwise failed to exercise due care for her own safety;

    (c)    Was otherwise careless and negligent.

4.    That, pleading in the alternative, one or more of the aforementioned careless and/or negligent acts of the Plaintiff, Juanita Perez was the sole and proximate cause, or in the alternative, a proximate cause contributing to the Plaintiff's alleged injuries and damages complained of in her Complaint at Law.

5.    That the Plaintiff, Juanita Perez' own negligence or fault was more than fifty percent (50%) of the cause of the alleged occurrence and, therefore, the action filed by the Plaintiff is barred pursuant to the provisions of 735 ILCS 5/2-1116.

6.    That in the alternative, if it is determined that the negligence or fault of the Plaintiff, Juanita Perez, is less than fifty-one percent (51%) of the alleged occurrence,

this Defendant is entitled to a reduction of any award granted in the percentage of fault attributed to the Plaintiff pursuant to 735 ILCS 5/2-1116.

WHEREFORE, the Defendant, TARGET CORPORATION, prays that if Plaintiff should recover, such a recovery should be reduced by that degree or percentage of contributory negligence of the Plaintiff, Juanita Perez, in contributing to cause the accident and injuries alleged. Furthermore, the Defendant prays that should the jury determine that more than fifty percent (50%) of the entire fault is attributed to the plaintiff, Juanita Perez, that the plaintiff be barred from recovering any damages whatsoever. If the contributory fault of Juanita Perez is found to exceed fifty percent (50%) of the total fault, TARGET CORPORATION prays that the Plaintiff's Complaint at Law be barred and dismissed with prejudice.

Respectfully submitted,

HENNESSY & ROACH, P.C.

By: _____
Mark T. McAndrew, Attorney for Defendant,
Target Corporation

Name          Mark T. McAndrew
              HENNESSY & ROACH, P.C.
Attorney for  Target Corporation
Address       140 S. Dearborn, 7th Floor
City          Chicago, IL 60603
Telephone     (312) 346-5310

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF COOK )

## AFFIDAVIT IN SUPPORT OF WANT OF KNOWLEDGE

I, MARK T. McANDREW, one of the attorneys for the Defendant, TARGET CORPORATION, pursuant to Section 2-610(b) of the Civil Practice Act, being duly sworn and under oath, do depose and state that this Defendant, TARGET CORPORATION, has no knowledge sufficient to form a belief thereof as to the truth of the allegations contained in those paragraphs of the Answer to the Complaint answered by this Defendant as having want of knowledge as set forth more fully in this Defendant's Answer to the Complaint. I further state that the statements made in the foregoing Answer as to the want of knowledge sufficient to form a belief are true and that as one of the attorneys of record for the Defendant, TARGET CORPORATION, the cause herein, I am duly authorized to make this affidavit on behalf of the Defendant, TARGET CORPORATION.

                               _____
                               Mark T. McAndrew

SUBSCRIBED AND SWORN TO
before me October 2_, 2007

_____
       Notary Public

"OFFICIAL SEAL"
DIANA SALINAS
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/09/10

PLEAD

Firm I. D. No. 28858

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JUANITA PEREZ )
)
)
Plaintiff(s), )
)
vs. ) NO.  07 L 8486
)
TARGET CORPORATION )
)
Defendant(s). )

NOTICE OF FILING

TO:    Hennessy & Roach
       Mark McAndrew
       140 S. Dearborn Street, 7th Floor
       Chicago, IL 60603

PLEASE TAKE NOTICE THAT on the 5th   day of November, 2007, PLAINTIFF'S
RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSE was filed with the Clerk of the
Circuit Court of Cook County, Illinois.

                                    ARMSTRONG & MARCHIORI

33 N. Dearborn Street
Suite 2220                          BY:
Chicago, IL  60602                  Laura J. Marchiori
(312) 372-4849                          Attorneys for Plaintiff

PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that a copy of this Notice was served-mailed together with a copy of the
foregoing document to each party to whom it is directed on the   5th day of November, 2007.

Firm I. D. No. 28858

FILED B - 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | | |
|---|---|---|
| JUANITA PEREZ | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | NO.  07 L 8486 |
| | ) | |
| TARGET CORPORATION | ) | |
| | ) | |
| Defendant(s). | ) | |

## REPLY TO AFFIRMATIVE DEFENSE

Now comes the plaintiff, JUANITA PEREZ, by her attorneys, ARMSTRONG &

MARCHIORI, and in reply to the First Affirmative Defense and Second Affirmative Defense of

the defendant, TARGET CORPORATION, states as follows:

FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff denies said allegation contained within defendant's First Affirmative

Defenses and moves to strike the allegations as defendant's own incident report

reflects date of incident of August 17, 2005 and said complaint was filed on

August 13, 2007, within the time frame of the applicable statute of limitation.

SECOND AFFIRMATIVE DEFENSE

1.    Plaintiff admits filing a complaint on August 13, 2007 as to an incident which

occurred at what was commonly known as the Target Store located at 2939 West

Addison Street, and sustained an injury from a fall which occurred  on August 17,

2005.  However, plaintiff denies that said allegations contained in paragraph

1 therein constitutes an affirmative defense to plaintiff's cause of action.

2.     Plaintiff admits only to those duties imposed upon the plaintiff by law and denies any breach of said duty and further denies that said allegations contained therein constitutes an affirmative defense to plaintiff's cause of action.

3.     Plaintiff denies each and every allegation contained in paragraph 3, subparagraph (a) through (c) and denies that the allegations contained therein constitute an affirmative defense to plaintiff's cause of action.

4.     Plaintiff denies each and every allegation contained in paragraph 4, and denies that the allegations contained therein constitute an affirmative defense to plaintiff's cause of action.

5.     Plaintiff denies each and every allegation contained in paragraph 5, and denies that the allegations contained therein constitute an affirmative defense to plaintiff's cause of action.

6.     Plaintiff denies each and every allegation contained in paragraph 6, and denies that the allegations contained therein constitute an affirmative defense to plaintiff's cause of action.

WHEREFORE, the plaintiff, JUANITA PEREZ, prays this Honorable Court strike and dismiss the First and Second Affirmative Defenses of the defendant, TARGET CORPORATION.

33 N. Dearborn St.
Suite 2220
Chicago, IL 60602
(312) 372-4849

Armstrong & Marchiori

BY: _____

Laura Y. Marchiori
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TARGET CORPORATION, the defendant in the above entitled cause, seeks removal to this court and, in support thereof, alleges as follows:

1. This action was commenced against TARGET CORPORATION, the sole defendant, in the Circuit Court of Cook County, Illinois, on August 13, 2007. A copy of the Complaint was served on the defendant on August 27, 2007.

2. At the time the action was commenced and since then, the plaintiff was and is a citizen of the County of Cook, State of Illinois and the defendant was and is a corporation organized and existing under the laws of the State of Minnesota with its principle place of business in Minneapolis, Minnesota.

3. The amount in controversy exceeds $75,000.00 exclusive of interest and costs, as appears from "other papers" which have been filed by plaintiff's attorney and their Answers to Interrogatories filed on February 9, 2008. These Interrogatories answers reference medical bills that exceed $75,000.00. Copies of which are attached hereto and marked as **Group Exhibit 1**.

4. This action is a civil one of which the United States Circuit Courts have original jurisdiction under 28 U.S.C. Section 1332.

5. The defendant attaches to this Notice copies of all process, pleadings, and orders that have been served on it as **Group Exhibit 2**.

WHEREFORE, the defendant prays that this cause be removed to the United States District Court for the Northern District of Illinois.

s/Mark T. McAndrew/6274068
By Mark T. McAndrew,
Attorney for Defendant

Hennessy & Roach, P.C.
140 South Dearborn Street, 7th Floor
Chicago, Illinois 60603
(312) 346-5310
Attorney No.: 6274068

FILED: MARCH 27, 2008
08CV1788 J. N.
JUDGE ANDERSEN
MAG. JUDGE MASON

STATE OF ILLINOIS        )
                                         )  ss.

COUNTY OF COOK         )

Mark T. McAndrew, being first duly sworn on oath, deposes and says that:

1.  He is the attorney for the defendant-petitioner in this cause;

2.  He has prepared and read the petition for removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3.  The facts and allegations contained in the petition for removal are true and correct.

<u>    s/MarkMcAndrew/6274068    </u>

SUBSCRIBED and SWORN to before me this 26th day of March, 2008.

<u>                                    </u>
Notary Public

"OFFICIAL SEAL"
Cheryl L Veile
Notary Public, State of Illinois
Commission Expires 4/23/2011

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

TO:   Ms. Laurie J. Marchiori
      Armstrong & Marchiori
      33 N. Dearborn Street, Suite 2220
      Chicago, IL 60602

        PLEASE TAKE NOTICE that the attached below listed documents were filed with the United States District Court Northern District of Illinois Eastern Division, this 27th day of March, 2008.

    1.    **Notice of Removal.**

                        By:   s/Mark T. McAndrew
                              Mark T. McAndrew
                              Attorney for Defendant
                              Target Corporation

### CERTIFICATE OF MAILING

      The undersigned, being first duly sworn on oath, states that service of the above Notice of Filing by electronic filing and by mailing true and correct copies of said documents this 27th day of March, 2008, before 5:00 p.m. by depositing same in the United States Mail at Chicago, Illinois, postage prepaid and addressed to the person(s) listed above.

SUBSCRIBED and SWORN to before
me this 27th day of March, 2008.

_____
          NOTARY PUBLIC
**HENNESSY & ROACH, P.C.**
140 S. Dearborn, 7th Floor
Chicago, IL 60603
(312) 346-5310
Attorney No. 6274068

Official Seal
Jennifer Anne Greig
Notary Public State of Illinois
My Commission Expires 02/15/2012

FILED: MARCH 27, 2008
08CV1788 J. N.
JUDGE ANDERSEN
MAG. JUDGE MASON